Alexander (Zander) Blewett, III
Joseph P. Cosgrove
HOYT & BLEWETT PLLC
501 Second Avenue North
P.O. Box 2807
Great Falls, MT  59403-2807
Phone: (406) 761-1960
Fax: (406) 761-7186
E-mail:  zblewett@hoytandblewett.com
         jpc@hoytandblewett.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

* * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| JULIA L. DAWSON, ) | Cause No. |
| ) | |
| Plaintiff, ) | Hon. |
| ) | |
| v. ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| ) | |
| R. MANN TRUCKING LTD. ) | |
| A Foreign Corporation, ) | |
| ) | |
| Defendant. ) | |

* * * * * * * * * * * * * * * * * * * *

COMES NOW the above-named Plaintiff, and for her claims against Defendant, states and alleges as follows:

1.  Plaintiff, Julia L. Dawson, is and was at all times material herein, a citizen of the state of Montana, residing in Billings, Yellowstone County, Montana.

2.  Defendant, R. Mann Trucking Ltd. (R. Mann), is a foreign corporation, incorporated under the laws of a state or province other than Montana, with its principal place of business in British Columbia, Canada.

3.  Venue in this action is proper in the Missoula Division of this Court because the subject accident occurred in Mineral County, Montana.

4.    Jurisdiction is proper in this Court under 28 USC § 1332, diversity of citizenship, because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between a citizen of this state and a citizen of a foreign state.

## COUNT I - NEGLIGENCE AND NEGLIGENCE PER SE
## RESPONDEAT SUPERIOR

5.    On or about March 31, 2012, Plaintiff was operating her vehicle on Interstate 90 in the right-hand, eastbound lane in Mineral County, Montana, on the Montana side of Lookout Pass.  The weather at the time was inclement, causing deteriorating road conditions and creating poor visibility.  Plaintiff was operating her vehicle at a reduced speed, with her lights on and in a reasonable and prudent fashion in light of the conditions.

6.    At the same time, an 18-wheel tractor trailer being operated by Avtar Singh Brar was also traveling on Interstate 90 in the right-hand, eastbound lane, behind Plaintiff's vehicle.

7.    On the night in question, Mr. Brar, while operating the tractor trailer in inclement weather, attempted to pass Plaintiff's vehicle.  In so doing, Mr. Brar, through his negligence, which included, among other things, being distracted, traveling too fast for conditions and leaving his designated lane of travel as he was attempting to pass Plaintiff's vehicle, collided with the left side of Plaintiff's vehicle, causing serious personal injury and property damage to Plaintiff.  Mr. Brar's conduct constitutes common law negligence and negligence per se for violating, among other statutes,  §§ 61-8-303, 61-8-312(1), 61-8-323(1), and 61-8-328(1), MCA.

8.    Mr. Brar's negligence and negligence per se in the operation of the tractor trailer caused the subject collision.

9.    At the time of the subject collision, the 18-wheel tractor trailer that Mr. Brar was operating was owned by Defendant R. Mann.  At all times relevant

herein, Mr. Brar was an employee of Defendant R. Mann and, at all times relevant herein, Mr. Brar was working within the course and scope of his employment with Defendant R. Mann.

10. As Mr. Brar was working within the course and scope of his employment with Defendant R. Mann when his negligence and negligence per se caused the subject collision, Defendant R. Mann is liable for all of Plaintiff's damages caused by the negligence and negligence per se of Mr. Brar.

## COUNT II - NEGLIGENT HIRING

11. Plaintiff restates and realleges each and every fact and allegation stated in paragraphs 1-10.

12. It is alleged upon information and belief that at the time that Mr. Brar was hired by Defendant R. Mann, Mr. Brar was an inexperienced tractor trailer operator who had one or more violations on his driving record, and who had caused at least one prior accident on or about May 2, 2009, due to the negligent operation of his tractor trailer, which included speeding and passing another vehicle.  It is further alleged that this information was available to Defendant R. Mann at the time it hired Mr. Brar and should have prevented Defendant R. Mann from hiring Mr. Brar, or at a minimum, required him to operate the tractor trailer with a supervisor or under go additional, adequate training.

13. Defendant R. Mann was negligent in its hiring of Mr. Brar to operate its tractor trailers on the roadways and highways, including the roadways and highways of the United States and, in particular, Montana.  Hiring Mr. Brar to operate its tractor trailers, unsupervised and without adequate additional training, constitutes negligence on the part of Defendant R. Mann and this negligence directly and proximately led to the subject accident and caused Plaintiff's personal injuries and property damages.

//

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a.  All of her past and future lost earnings and lost earning capacity;

b.  All of her past and future medical and other expenses caused by this accident;

c.  All of her past and future physical and emotional pain and suffering and emotional distress;

d.  All of her past and future loss of household services;

e.  All of her past and future loss of established course of life;

f.  For all of her costs and disbursements incurred herein; and,

g.  For such other relief to which she is entitled under Montana law and/or which this Court deems just under the circumstances.

DATED this 19th day of December, 2014.

HOYT & BLEWETT PLLC

　　　　/s/ Joseph P. Cosgrove　　　　
Alexander (Zander) Blewett, III
Joseph P. Cosgrove

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands that all issues be tried before a jury.

DATED this 19th day of December, 2014.

HOYT & BLEWETT PLLC

　　　　/s/ Joseph P. Cosgrove　　　　
Alexander (Zander) Blewett, III
Joseph P. Cosgrove

Attorneys for Plaintiff